## CIRCUIT COURT OF THE CITY OF NORFOLK

Newport Enterprises, Inc., t/a Jack's
and Vegas Casinos Management

v.

Va. Alcoholic Beverage Control Board

April 26, 1988

Case No. (Chancery) C88-239

By JUDGE LEONARD B. SACHS

The ABC Board has advised "Jack's," an ABC licensee, and Vegas Casinos Management that the blackjack table being operated at "Jack's" in the City of Norfolk constitutes "illegal gambling" as defined and prohibited in Virginia Code § 18.2-235(1).

"Illegal gambling" as defined in that section consists of three elements as follows:

> (1) The making, placing, or receipt of any bet or wager in this State of money or other thing of value . . . .
> (2) . . . made in exchange for a chance to win a prize, stake, or' other consideration or thing of value . . . .
> (3) . . . dependent upon the result of any game, contest, or any other event, the outcome of which is uncertain or a matter of chance . . . .

It seems quite clear that the blackjack game being played in Jack's would be illegal gambling except for the exceptions set forth in § 18.2-325(2)(b) which states:

provided, however, that the return to the user of nothing more than additional chances or the right to use such machine is not deemed something of value within the meaning of this subsection . . . .

The Attorney General suggests that there is no "machine" in this case and that therefore the exemption of Section 18.2-325(2)(b) is not applicable to this case. The Court notes that the statute does not define "machine" therefore the meaning of that word must be divined from the remainder of the language of that statute.

Section 18.2-325(2)(a) defines a "gambling device" as follows:

A gambling device *includes*:

(a) Any device, machine, paraphernalia, equipment, or other thing, including books, records, and other papers, which are actually used in an illegal gambling operation or activity, and

(b) Any machine, apparatus, implement, instrument, contrivance, board, or other thing, including, but not limited to, those dependent upon the insertion of a coin or other object for their operation, which operates, either completely automatically or with the aid of some physical act by the player or operator, in such a manner that, depending upon elements of chance, it may eject something of value or determine the prize or other thing of value to which the player is entitled; provided, however, that the return to the user of nothing more than additional chances or the right to use such machine is not deemed something of value within the meaning of this subsection; and provided further, that machines that only sell, or entitle the user to, items of merchandise of equivalent value that may differ from each other in composition, size, shape, or color, shall not be deemed gambling devices within the meaning of this subsection.

It seems obvious that the term "such machine" is a shorthand or a generic term used by the legislature in lieu of repeating the entire definition of a "gambling device" again.

The Court holds that the blackjack table and chips are within the legislative intent of "such machine" which are referred to in the *proviso* of § 18.2-325(2)(b) which exempts extended play or extra games from being considered "something of value."

The court holds that the blackjack game at Jack's and those operated by Vegas Casinos Management in the method as proven is not "illegal gambling."

The uncontested evidence reveals that the chips do not belong to the player who only "rents" them and, indeed, if he leaves the table, he has to give the chips back to the dealer for which he gets a voucher. He cannot transfer them to any other player, and when the player chooses to quit the game, or at the end of the evening, whichever occurs first, no matter how many chips he has representing however many thousands of dollars that he holds, he can take nothing from the game. He turns in the chips to the dealer and leaves. He gets no "prizes" or "other consideration." All he gets if he is successful is the right to continue playing, and the statute states that extended play is not a "thing of value."

The Court holds that this fits squarely within the exception, and there is no legal or factual distinction between this and those additional games which are exempted for pinball machines. The Attorney General candidly admits in oral argument today that there is nothing in the statute which limits that exemption to pinball machines.

Only elements (1) and (3) of the definition of "illegal gambling" as set out above are present here. Element (2) is actually exempted by the same statute under the facts of this case.

The blackjack games in question clearly fit within the exemption carved by the legislature in § 18.2-325(2)(b).